UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISON

| | |
|---|---|
| R.L., individually and in the capacity of durable power of attorney of M.L., <br><br> Plaintiffs, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND (DOC. NO. 12)** <br><br> Case No. 2:23-cv-00494 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

In this ERISA action, Plaintiffs R.L. and M.L. move to amend their complaint to add a new claim and a new defendant.[1] Specifically, Plaintiffs seek to add the insurance plan administrator, Justworks Employment Group LLC, as a defendant to the existing claims—and to add a new claim against Justworks for statutory penalties for its alleged failure to timely produce documents under which the plan was established or operated.[2] Defendant Aetna Life Insurance Company opposes the motion to amend, arguing (1) Plaintiffs intentionally delayed filing their new claim to increase the statutory penalties, (2) the proposed new claim is futile, and 3) Plaintiffs failed to file a redlined version of their proposed amended complaint as required under the local rules.[3]

---

[1] (Pls.' Mot. to Amend ("Mot."), Doc. No. 12.)

[2] (*See id.*; Ex. A to Mot., Proposed Am. Compl., Doc. No. 12-1.)

[3] (Opp'n Mem. to Pls.' Mot. to Amend ("Opp'n"), Doc. No. 15.)

1

As explained below, Plaintiffs timely moved to amend, there is no evidence of undue delay, bad faith, or dilatory motive, and Aetna's futility arguments are more appropriately addressed in the context of dispositive motions. Plaintiffs' failure to file a redlined version also does not justify denial of leave to amend under the circumstances presented. Therefore, the motion to amend is granted.[4]

## BACKGROUND

Plaintiffs filed this action on July 31, 2023, challenging Aetna's denial of their claim for benefits arising from medical treatment R.L.'s son, M.L., received between May 2020 and March 2021.[5] R.L. participated in a fully-insured group health plan administered by his employer, Justworks, and insured by Aetna.[6] The plan is governed by the Employee Retirement Income Security Act of 1974[7] ("ERISA").[8] Plaintiffs brought two claims against Aetna:[9] a claim for recovery of benefits under ERISA and a claim for violation of the Mental Health Parity and Addiction Equity Act.[10]

---

[4] This order is based on the parties' written memoranda, as oral argument is unnecessary. *See* DUCivR 7-1(g).

[5] (*See generally* Compl., Doc. No. 1.)

[6] (*Id.* ¶¶ 2–4.)

[7] 29 U.S.C. §§ 1001, *et seq.*

[8] (Compl. ¶ 3, Doc. No. 1.)

[9] (*See id.* ¶¶ 49–73.)

[10] 29 U.S.C. § 1185a.

Under the scheduling order, the deadline to move to amend pleadings and add parties was February 21, 2024.[11] Plaintiffs filed their motion to amend on that date, seeking to add Justworks as a defendant to their existing claims and to assert a new statutory penalties claim against Justworks for failure to timely produce plan documents.[12] As relevant here, ERISA requires plan administrators to provide certain plan information to participants and beneficiaries within thirty days of a request, and imposes a statutory penalty of up to $100 per day for failure to comply.[13] According to the proposed amended complaint, R.L. repeatedly requested plan documents from Aetna while appealing the denial of benefits, but Aetna failed to provide them.[14] Plaintiffs allege R.L. made "one last attempt" to procure the documents by sending a written request to both Justworks and Aetna on July 18, 2023, but received no response.[15] Plaintiffs claim these were documents which Justworks, as the plan administrator, and Aetna, as its agent, were required to provide within thirty days under ERISA.[16]

---

[11] (*See* Scheduling Order, Doc. No. 11.)

[12] (*See* Mot., Doc. No. 12; Proposed Am. Compl., Doc. No. 12-1.)

[13] *See* 29 U.S.C. § 1132(c)(1); *see also id.* § 1132(a)(1)(A) (permitting a participant or beneficiary to bring a private civil action for statutory penalties under § 1132(c)).

[14] (*See* Proposed Am. Compl. ¶¶ 23, 28, 37, 43, Doc. No. 12-1.)

[15] (*See id.* ¶¶ 45–46.) The motion to amend provides the date of this letter as July 13, 2023. (*See* Mot. 1–2, Doc. No. 12.)

[16] (*See* Proposed Am. Compl. ¶¶ 72–76, Doc. No. 12-1.)

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[17] "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[18] Rule 15 instructs courts to "freely give leave when justice so requires."[19]

"The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[20] "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test [the] claim on the merits."[21] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[22] Prejudice to the opposing party is the "most important" factor in deciding whether to give leave to amend.[23]

---

[17] Fed. R. Civ. P. 15(a)(2).

[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (citation omitted).

[19] Fed. R. Civ. P. 15(a)(2).

[20] *Minter*, 451 F.3d at 1204 (internal quotation marks omitted).

[21] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[22] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[23] *Minter*, 451 F.3d at 1207.

## ANALYSIS

The parties' arguments are considered in light of the factors outlined above. As explained below, Aetna has not shown any factors justifying denial of leave to amend are present here. Plaintiffs' technical noncompliance with the local rules also does not justify denial of leave to amend under the circumstances. Therefore, justice requires leave to amend be granted.

A. Undue Delay, Bad Faith, and Dilatory Motive

Aetna asserts Plaintiffs "consciously chose to delay filing their new claim against a new party for nearly six months to increase the value of the alleged penalty claim by running the clock."[24] Aetna notes that the thirty-day deadline to respond to Plaintiffs' July 2023 letter was in August 2023, shortly after the complaint was filed.[25] Aetna argues Plaintiffs' failure to seek to amend their complaint until February 21, 2024—the deadline in the scheduling order—constitutes undue delay.[26] Aetna contends Plaintiffs have not explained the delay, and "the only explanation for the delayed filing is Plaintiffs' desire to increase the value of their case, specifically, their penalty claim."[27] According

---

[24] (Opp'n 1, Doc. No. 15.)

[25] (*See id.* at 3.) Aetna calculates the exact deadline as August 12, 2023, based on the date of the letter stated in the motion to amend: July 13, 2023. (*See id.*; Mot. 1–2, Doc. No. 12.) The proposed amended complaint and Plaintiffs' reply in support of the motion to amend provide the date of the letter as July 18, 2023. (*See* Proposed Am. Compl. ¶ 45, Doc. No. 12-1; Pls.' Reply in Supp. of Mot. to Amend ("Reply") 4, Doc. No. 19.) This discrepancy is inconsequential for purposes of this order.

[26] (*See* Opp'n 3, Doc. No. 15.)

[27] (*Id.* at 5.)

to Aetna, had Plaintiffs promptly filed the claim, Aetna (and potentially, Justworks) could have stopped the penalty from growing.[28]

In reply, Plaintiffs argue any delay in seeking amendment resulted from their ongoing, good faith efforts to obtain the plan documents from Aetna and the plan administrator.[29] Plaintiffs assert they reasonably expected Aetna to produce the previously requested plan documents once ligitation commenced, as part of the prelitigation appeal record or in response to discovery requests.[30] Plaintiffs contend it would have been impractical to amend the complaint as early as Aetna suggests, because Aetna's production of the documents in initial disclosures or discovery would have obviated the need for a statutory penalties claim.[31] Plaintiffs explain they moved to amend on the deadline to do so because Aetna still had not produced the plan documents in initial disclosures or in response to discovery requests seeking them.[32]

According to Plaintiffs, Aetna identified "the governing plan documents" in its initial disclosures on December 15, 2023, but indicated it was still in the process of compiling the record.[33] Aetna provided the record on January 29, 2024, and supplemented it on March 12, 2024 (after the deadline for filing a motion to amend).[34]

---

[28] (*See id.*)

[29] (Reply 2–3, 10, Doc. No. 19.)

[30] (*See id.* at 10–11.)

[31] (*See id.*)

[32] (*See id.* at 2–3.)

[33] (*Id.* at 4.)

[34] (*See id.* at 5.)

6

However, neither production included all the plan documents Plaintiffs had requested.[35] Separately, Plaintiffs issued discovery requests for the plan documents on December 19, 2023.[36] According to Plaintiffs, Aetna requested several extensions of time to respond, which Plaintiffs granted, but—as of the date of the reply—Aetna had not responded to the discovery requests or produced all the requested plan documents.[37]

Based on the timeline above, Plaintiffs did not unduly delay bringing the statutory penalties claim. Instead, Plaintiffs have shown the timing of their motion resulted from their good faith efforts to obtain the requested documents by other means. Given the nature of this case, Plaintiffs reasonably expected to receive the requested documents through initial disclosures or discovery. Plaintiffs timely filed their motion to amend under the scheduling order, and provided a reasonable explanation for filing it on the deadline. There is no basis to impute bad faith or improper motive under these circumstances. Moreover, Aetna's argument—that it could have prevented daily penalties from accruing had Plaintiffs asserted the claim earlier—rings hollow; Aetna apparently still had not produced all the requested documents as of the date of the reply (six weeks after Plaintiffs filed the motion to amend).[38]

---

[35] (*See id.*)

[36] (*See id.*)

[37] (*See id.* at 5–6.)

[38] (*See id.*) Notably, Aetna does not assert in its opposition that it produced the requested documents upon becoming aware of Plaintiffs' proposed statutory penalties claim. Instead, Aetna argues ERISA does not require it to provide the specific plan documents Plaintiffs requested. (*See* Opp'n 7–10, Doc. No. 15.)

7

For these reasons, Plaintiffs' motion to amend was timely, and Aetna has not demonstrated undue delay, bad faith, or improper motive.

B. <u>Futility</u>

Aetna next argues leave to amend should be denied because the proposed statutory penalties claim is futile. Specifically, Aetna contends (1) the proposed amendment fails to identify a specific section of ERISA requiring production of the documents Plaintiffs requested, (2) the claim is time-barred to the extent it relies on requests to Aetna during the appeal, and (3) Plaintiffs' request did not seek documents identified in the statute.[39] In reply, Plaintiffs argue Aetna lacks standing to raise futility arguments because the proposed new claim is asserted only against Justworks.[40] Plaintiffs also substantively respond to Aetna's arguments, asserting the proposed new claim for statutory penalties is cognizable and not time-barred.[41]

Although leave to amend can be denied on the basis of futilitly alone,[42] it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the arguments would be more appropriately addressed in dispositive

---

[39] (*See* Opp'n 6–10, Doc. No. 15.)

[40] (*See* Reply 7, Doc. No. 19.) The proposed amended complaint is hardly a model of clarity on this point: the heading for the statutory penalties claim does not identify which defendant(s) the claim applies to, and Aetna's failure to produce requested documents is referenced throughout the new claim. (*See* Proposed Am. Compl. p. 18 & ¶¶ 72–75, Doc. No. 12-1.) Nevertheless, the request for relief section seeks statutory penalties only against the "Plan Administrator," i.e., Justworks. (*See* Proposed Am. Compl., Request for Relief ¶ 3, Doc. No. 12-1.)

[41] (*See* Reply 7–9, Doc. No. 19.)

[42] *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

8

motions.[43] Here, Aetna raises numerous substantive challenges to the merits of Plaintiffs' proposed statutory penalties claim. But because futility is only one of several factors to be considered on a motion to amend, the parties' briefing on these substantive issues is necessarily truncated. Under these circumstances, the viability of the new claim is more appropriately addressed in dispositive motions, and the court declines to engage in a futility analysis here.[44]

C. Other Factors

Aetna does not argue leave to amend should be denied based on the other factors outlined above, and none are present here. As for prejudice—the "most important" factor[45]—Aetna does not argue it will be prejudiced by an amendment at this stage. As noted, Plaintiffs timely filed their motion to amend by the deadline in the scheduling order. To the extent the amendment requires deadlines to be extended, there have been no prior extensions, and it is not apparent the amendment would cause significant delay. Additionally, this is Plaintiffs' first amendment; they have not failed to cure deficiencies in a previous amendment to the complaint. Aetna also does not offer

---

[43] *See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility arguments based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

[44] Because the court declines to engage in a futility analysis, it is unnecessary to address whether Aetna has standing to raise futility arguments.

[45] *Minter*, 451 F.3d at 1207.

any argument as to why Justworks should not be added as a defendant to the existing claims.

Where none of the factors justifying denial of leave to amend are present here, justice requires leave to amend be granted.

### D. Noncompliance with the Local Rules

Finally, Aetna argues the motion to amend should be denied because Plaintiffs failed to attach a redlined version of their proposed amended complaint, as required under the local rules.[46] However, Plaintiffs attached a clean version of the proposed amended complaint,[47] and the motion to amend specifically identified the new claim and new defendant.[48] Thus, Plaintiffs' filing was sufficient to put Aetna on notice of the substance of the proposed amendment. Plaintiffs also attempted to correct the deficiency by attaching a redlined version to their reply.[49] Under these circumstances, and where none of the factors outlined above are present, Plaintiffs' technical noncompliance with the local rules does not warrant denial of the motion to amend.

---

[46] (*See* Opp'n 10–11, Doc. No. 15); *see also* DUCivR 15-1(a) ("A party moving under Fed. R. Civ. P. 15(a)(2) for leave to amend a pleading must attach the following as exhibits to the motion: (1) the proposed amended pleading, and (2) a redlined version of the proposed amended pleading comparing it with the pleading sought to be amended.").

[47] (*See* Proposed Am. Compl., Doc. No. 12-1.)

[48] (Mot. 2, Doc. No. 12 ("Plaintiffs seek to amend the complaint to assert their rights to seek an award of statutory penalties for failure to produce documents under 29 U.S.C. § 1132(a)(1)(A) and (c) and to add as a party defendant the Plan Administrator, Justworks Employment Group LLC.").

[49] (*See* Ex. D to Reply, Doc. No. 19-4.)

## CONCLUSION

Plaintiffs' motion to amend[50] is GRANTED.  Plaintiffs shall file their amended complaint in the form found at docket number 12-1 within seven days of this order. Once filed on the docket, the amended complaint will be the operative complaint in this case.

DATED this 11th day of June, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[50] (Doc. No. 12.)